IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Steer Machine Tool & Die Corporation<br><br>　　　　　　　　　　　　Plaintiff<br><br>vs.<br><br>SS Niles Bottle Stoppers, LLC and<br>Ruth Niles<br><br>　　　　　　　　　　　　Defendants | CIVIL ACTION NO. _____ |

### COMPLAINT FOR PATENT VIOLATION (INFRINGEMENT)

Plaintiff, Steer Machine Tool & Die Corporation, by its attorney, as and for its Complaint against SS Niles Bottle Stoppers, LLC and Ruth Niles, the Defendants, alleges the following:

### Parties

1.　　Plaintiff Steer Machine Tool & Die Corporation (hereinafter "Plaintiff" or "Steer") is a Pennsylvania corporation, with a principal place of business located at 3113 Lake Ariel Highway, Honesdale, Pennsylvania, a registered office at HCR 6 Box 6025, Hawley, Pennsylvania, and a postal address of 3113 Lake Ariel Highway, Honesdale, Pennsylvania 18431.

2.　　Defendant SS Niles Bottle Stoppers, LLC (hereinafter "Defendant" or "SS Niles") is a Pennsylvania limited liability company, with a registered office and principal place of business located at 49 Leeds Road, Newville, Pennsylvania.

3.　　Defendant Ruth Niles (hereinafter "Defendant" or "Ruth") is an adult individual under no legal disability with a last known residence address of 49 Leeds Road, Newville, Pennsylvania.  Further, Ruth Niles is, to the information and belief of the Plaintiff, the sole owner

of the membership of the Pennsylvania limited liability company Co-Defendant herein, SS Niles.

## Jurisdiction and Venue

4.    The venue for patent infringement matters is 28 U.S.C. § 1400, more particularly 28 U.S.C. § 1400(b), which provides that any civil action for patent infringement may be brought in a judicial district where the Defendant resides or where the Defendant has committed acts of infringement and has a regular and established place of business.

5.    The Court has personal jurisdiction over Defendant SS Niles based on SS Niles's operation of its business and contacts within this jurisdiction.

6.    This Court has personal jurisdiction over Defendant Ruth based on Ruth's contacts within this jurisdiction.

7.    As recited above, venue is proper in this district pursuant to 28 U.S.C. § 1400(b) for the Defendants reside in this judicial district, and the Defendant SS Niles has committed acts of infringement and has regular established place of business.

## Facts Common to All Claims for Relief

8.    Steer is engaged in the business of inventing, patenting, marketing and selling, among others, tool and die, bottle stoppers and mandrels, and other bottle stopper turning accessories, both to individuals and business entities which have use for the same.

9.    The sole membership of Steer and the sole directors and officers are two siblings, Steven Seeuwen and Eric Seeuwen. The residency of Steven Seeuwen is in Pike County and the residency of Eric Seeuwen is in Wayne County, Pennsylvania where the principal place of business of Plaintiff is conducted therefrom.

10.    Steven Seeuwen and Eric Seeuwen along with Ruth Niles jointly made certain new

and useful design inventions.  The design inventions made by Defendant Ruth Niles and Steven Seeuwen and Eric Seeuwen were the subject of design patents issued by the United States Patent & Trademark Office.  The said patents issued by the United States Patent & Trademark Office were given design patent numbers D575,639 and D758,853 (herein collectively referred to as the "Bottle Stopper Patents").

11. A copy of the Bottle Stopper Patents are attached as ***Exhibit A*** and ***Exhibit B*** respectively

Defendant Ruth Niles and, through Defendant Ruth Niles (sole owner of SS Niles), SS Niles, have had knowledge of the Bottle Stopper Patents and the designs covered therein from the date of issuance of the Bottle Stopper Patents through the present.

12. Unhappy differences occurred between the Plaintiff and its principals, Steven Seeuwen and Eric Seeuwen, on the one hand, and the Co-Defendants, on the other hand, which resulted in a case in the United States Middle District of Pennsylvania assigned Case No. 3:16-cv-320.

13. Case No. 3:16-cv-320 was initiated by Defendant SS Niles at the direction of Defendant Ruth Niles and was filed against the Plaintiff herein Steer.

14. Said Case No. 3:16-cv-320 was settled.  A copy of the CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE (hereinafter "Settlement Agreement") is attached hereto and made a part hereof as ***Exhibit C***.

15. Among other matters appurtenant to this Complaint in said Settlement Agreement the Defendants agreed to assign, and did assign their undivided one-third (1/3) interest in the Bottle Stopper Patents equally to Steven Seeuwen and Eric Seeuwen in return for a license to Co-Defendant

3

SS Niles.

16. The terms of the license to Defendant SS Niles are set out in the Settlement Agreement (Exhibit C). A copy of the Assignment as recited above is attached as **_Exhibit D_**.

17. Steven Seeuwen and Eric Seeuwen assigned their entire right, title and interest in the Bottle Stopper Patents to the Plaintiff Steer. Said assignment is attached hereto and made a part hereof as **_Exhibit E_**. The assignment by the said Steven Seeuwen and Eric Seeuwen to the Plaintiff Steer includes, among other matters, the right to obtain all remedies for past acts of infringement by others.

18. The license granted to Defendant SS Niles, a legal entity of the Commonwealth of Pennsylvania owned, directed and operated by Defendant Ruth Niles gave the following to Defendant SS Niles:

    a. A right to use, sell or import bottle stoppers covered by the Bottle Stopper Patents;

    b. The right to either manufacture bottle stoppers covered by the Bottle Stopper Patents, or to have another party manufacture such bottle stoppers solely for Defendant SS Niles.

19. The license granted to SS Niles in the Settlement Agreement (Exhibit C) was subject to the following restrictions:

    a. SS Niles was the only party given the right to sell the bottle stoppers covered by the Bottle Stopper Patents;

    b. SS Niles was not permitted to grant any sub-licenses;

    c. Manufacturers of bottle stoppers covered by the Bottle Stopper Patents

        engaged by SS Niles were only permitted to manufacture and sell said bottle stoppers to Defendant SS Niles;

    d.    SS Niles was not permitted to authorize any Manufacturer or any other party to manufacture bottle stoppers covered by the Bottle Stopper Patents and sell those bottle stoppers to any party other than SS Niles.

20.    The license of SS Niles was the only license under which Defendant Ruth Niles could directly or indirectly use, sell, import or have manufactured the bottle stoppers covered by the Bottle Stopper Patents.

21.    On information and belief, SS Niles sells a bottle stopper designated SS6000, which is covered by D575,639, one of the Bottle Stopper Patents.

22.    On information and belief, SS Niles sells a bottle stopper designated as SS8000, which is covered by D758,853, one of the Bottle Stopper Patents.

23.    The license of SS Niles was not granted to Co-Defendant Ruth Niles individually. On the dissolution of Defendant SS Niles, merger, sale of assets, stock or other substantial change in business operation by the Company whereby Ruth Niles is no longer the sole owner of SS Niles, the license automatically terminates. As averred above, SS Niles, while owned and operated by Co-Defendant Ruth Niles, is the only party permitted to sell the bottle stoppers covered by the Bottle Stopper Patents besides the Plaintiff Steer.

24.    The aforesaid Settlement Agreement was executed by Co-Defendant SS Niles through the signature of Ruth Niles on October 3, 2016.

25.    Exhibit D provides, as regards the Bottle Stopper Patents, that Ruth Niles agrees to be legally bound in her individual capacity to perform the duties as to the said patents and license.

26.     Unquestionably, Defendants SS Niles and Ruth Niles, each and both knew and continue to know the terms of the license specified in the Settlement Agreement (Exhibit C).

27.     Defendants SS Niles and Ruth Niles, each and both knew and continue to know that Defendant SS Niles and Ruth Niles, as the sole owner and sole member of SS Niles, never had the right to authorize any party to manufacture bottle stoppers covered by the Bottle Stopper Patents and sell those bottle stoppers to any party other than SS Niles.

28.     Defendant SS Niles has a website.  On the subject website, the said Defendant SS Niles advertises for sale its SS-6000 (SS-301) bottle stopper.  The Defendant SS Niles item SS-6000 (SS-301) bottle stopper is the bottle stopper covered by Patent D 575,639.  Patent D 575,639 (Exhibit A) is one of the Bottle Stopper Patents that is the subject of the Settlement Agreement (Exhibit D), and that was assigned by Ruth Niles to Steven Seeuwen and Eric Seeuwen and then subsequently assigned by Steven Seeuwen and Eric Seeuwen to Plaintiff Steer (Exhibit E).  The above referenced advertisement on Defendant SS Niles Bottle Stoppers, LLC's website is attached hereto as ***Exhibit F***.

29.     As is conspicuous, clear and unequivocal, the said advertisement of Defendant SS Niles's website (Exhibit F) states "for larger quantities buy wholesale direct from the Manufacturer." The said SS Niles website includes a link to permit any individual and/or entity to place orders with the Manufacturer.

Also as part of Exhibit F, the Defendants under the name American Stainless directs the reader to the Manufacturer(s) for purchase of quantities of one or more of the Steer Bottle Stopper Patents stoppers.

30.     On information and belief, one or more orders were placed with the Manufacturer by

entities other than SS Niles for bottle stoppers covered by one or more of the Bottle Stopper Patents through the link provided on the SS Niles website.

31. Additionally, Ruth Niles / SS Niles advertises on a Facebook posting that Bottle Stopper Patent D575,639 (Steer 301 cone and SS Niles SS 6000) is now available from her Manufacturer directly, with a direct link on the Facebook posting to the Manufacturer.

32. On information and belief, the Manufacturer filled orders for bottle stoppers covered by one or both of the Bottle Stopper Patents to entities other than SS Niles, which orders were placed with the Manufacturer through the link on the SS Niles website and/or on the Niles Facebook posting.

33. On information and belief, SS Niles through its sole member, Co-Defendant Ruth Niles, authorized its Manufacturer of bottle stoppers covered by the Bottle Stopper Patents to sell such bottle stoppers to purchasers other than Defendant SS Niles, at least by posting a link (Exhibit F) on the webpage and also on a Facebook posting link advising others to place such orders with the Manufacturer.

34. On information and belief, Co-Defendants SS Niles and Ruth Niles, each and both, since October 3, 2016 and continuously thereafter to the present, have had knowledge that by authorizing Defendant SS Niles's Manufacturer to make bottle stoppers covered by one or both of the Bottle Stopper Patents and to sell such bottle stoppers to entities other than SS Niles, such Manufacturer(s) is/are infringing on one or both of the Bottle Stopper Patents.

35. On information and belief, based on the improper authorization by SS Niles through its sole owner / member, Ruth Niles, SS Niles's Manufacturer(s) has/have manufactured bottle stoppers covered by one or both of the Bottle Stopper Patents and has/have sold such bottle stoppers

to entities other than SS Niles.

The said manufacture and sale by Manufacturer to entities other than SS Niles is a direct infringement of one or both of the Bottle Stopper Patents.

Said infringement originates with and is caused by the said improper authorization of Defendant SS Niles through Ruth Niles, the sole owner of SS Niles.

36. On information and belief, SS Niles through Ruth Niles, the sole owner / member of SS Niles, has actively induced such infringement of one or both of the Bottle Stopper Patents as alleged above.

37. On information and belief, Precision Crafted Products is an authorized Manufacturer of bottle stoppers for SS Niles

The said Precision Crafted Products has, on information and belief, manufactured bottle stoppers covered by one or both of the Bottle Stopper Patents at the direction of SS Niles acting through Ruth Niles as the sole owner/member of SS Niles.

On information and belief, Precision Crafted Products knowingly authorized by SS Niles Bottle Stoppers, LLC and Ruth Niles, its sole owner/member thereof, has manufactured and sold bottle stoppers known by Ruth Niles and SS Niles to be covered by one or both of the Bottle Stopper Patents to entities other than SS Niles Bottle Stoppers, LLC.  Such authorization to manufacture and sell said bottle stoppers to entities other than SS Niles as attested to by Exhibit F is improper and constitutes acts of inducing infringement under United States Patent Law.

## COUNT I

### Inducement of Infringement Under 35 U.S.C. 271(b)

38. Plaintiff Steer repeats and re-alleges each and every allegation and averment in

paragraphs 1-37, which are incorporated herein by reference as if more fully set out at length.

39. Co-Defendant SS Niles and Co-Defendant Ruth Niles are liable as patent infringers.

40. The said liability of SS Niles and Ruth Niles as patent infringers arises from the active inducement of infringement of one or both of the Bottle Stopper Patents by its Manufacturer(s).

41. The act of inducement of infringement of one or both of the Bottle Stopper Patents has been and is committed consciously, knowingly and intentionally by the said Co-Defendants, SS Niles and Ruth Niles. The act of inducement arises from the improper and intentional authorization of Manufacturer(s) to manufacture bottle stoppers that are known and that have always been known to be covered by one or both of the Bottle Stopper Patents and to sell such bottle stoppers to entities other than SS Niles.

42. On information and belief, one or more of the Manufacturers, including the aforementioned Precision Crafted Products, have sold bottle stoppers covered by one or both of the Bottle Stopper Patents to entities other than SS Niles based on the averred and recited improper authorization of SS Niles and Ruth Niles.

43. Under 35 U.S.C. 271, more particularly 271(b), and based on the above averments, each and both of the Co-Defendants, SS Niles and Ruth Niles, have actively induced infringement and continue to induce infringement of one or both of the Bottle Stopper Patents and therefore are liable to Plaintiff as a patent infringer. Therefor Plaintiff is entitled to all remedy and relief under federal patent law as more fully set forth below in the requested relief.

## COUNT II

### Pennsylvania Common Law - Breach of Contract

44. Plaintiff Steer repeats and re-alleges each and every allegation in paragraphs 1–43,

which are incorporated herein by reference.

45. Count II jurisdiction is ancillary to the jurisdiction of Count I.

46. As averred above, Defendant SS Niles through its principal, sole owner and member, Ruth Niles, executed the Settlement Agreement (Exhibit D) in settlement of a civil action in the United States District Court for the Middle District of Pennsylvania, Scranton, Pennsylvania in the prior litigation as averred above.

47. Said Settlement Agreement is an enforceable contract.

48. Said Settlement Agreement provided for mutual promises and undertakings of the within Defendant, SS Niles to the Plaintiff, Steer, and of the within Plaintiff to the Defendant.

49. The Settlement Agreement also is binding on the shareholders and officers of Plaintiff and Defendant, including Ruth Niles. (Section 11 of Settlement Agreement)

50. Said mutual promises and undertakings were fair consideration to each of the parties to the Settlement Agreement.

51. As incorporated herein by reference to the paragraphs above, the Defendant SS Niles and Ruth Niles, each and both, have breached various portions of the Settlement Agreement which legally bound each other and are so stated to be legally binding on each other to the benefit and right of the Plaintiff.

52. The Co-Defendants SS Niles and Ruth Niles have, contrary to the Settlement Agreement, authorized a third party (Manufacturer) to manufacture bottle stoppers covered by one or both of the Bottle Stopper Patents owned by Steer, and to sell such bottle stoppers to entities other than SS Niles.

53. The actions of the Defendants SS Niles and Ruth Niles as regards said breaches of

the Settlement Agreement are done knowingly and intentionally.

54. Each and all of the aforesaid activities described in the facts, the Exhibits, and the Counts are to the detriment, harm and loss of the Plaintiff. The said Co-Defendants in having knowingly and intentionally breached the Settlement Agreement (Exhibit C) are liable to the Plaintiff Steer for consequential damages, incidental damages, liquidated damages and other damages that are available, including those prescribed in the Settlement Agreement.

### Requested Relief

WHEREFORE, Plaintiff Steer respectfully requests judgment against the Defendants SS Niles and Ruth Niles as follows:

(1) Permanently restraining and enjoining Defendants SS Niles Bottle Stoppers, LLC and Ruth Niles from authorizing any manufacturer to make bottle stoppers covered by one or both of the Bottle Stopper Patents and selling them to entities other than SS Niles.

(2) Permanently restraining and enjoining Defendants, SS Niles and Ruth Niles from posting link(s) to Manufacturers to place orders and buy bottle stoppers covered by one or both of the Bottle Stopper Patents.

(3) Damages adequate to compensate Plaintiff for the infringing acts of Defendants, including interest and costs.

(4) Trebling of Damages resulting from the willful infringing acts of Defendants.

(5) Profits lost by Plaintiff as a result of the infringing acts of Defendants and its Manufacturers.

(6) As an alternative to patent damages under 35 U.S.C. 284, an award of Total Profits made by Defendants, including but not limited to profits made by the direct infringing Manufacturers

as a result of sales made by such Manufacturers to entities other than SS Niles, which were improperly authorized by Defendants, in accordance with 35 U.S.C. 389.

(7) Attorneys' fees based on a holding that this is an exceptional case.

(8) In addition to the compensatory relief set out above, the liquidated damages for breach of the Settlement Agreement as set out therein together with costs, reasonable attorney's fees and such other relief as the Court may deem appropriate under the circumstances.

Respectfully submitted,

Dated: 07/17/20

/s/ Brigid E. Carey
Brigid E. Carey, Esquire
Pa. Attorney ID 08308
3218 Pittston Avenue
PO Box 4466
Scranton, PA 18505-6466
Phone: (570) 344-1799
Cell: (570) 430-4964
Fax: (570) 341-7060
Email: becesqnepa@aol.com