## <u>CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE</u>

This Confidential Settlement Agreement and Mutual Release ("Agreement"), by and between SS Niles Bottle Stoppers, LLC ("SS Niles") and Steer Machine Tool & Die Corporation ("Steer Machine" or "Steer"), is effective as of the date of the last signature set forth below.

Whereas SS Niles has filed Case No. 3:16-cv-320, *SS Niles Bottle Stoppers, LLC v. Steer Machine Tool & Die Corp.*, in the United States District Court for the Middle District of Pennsylvania (the "Lawsuit"), and

And whereas SS Niles and Steer Machine (each a "Party," collectively the "Parties") wish to resolve their differences amicably with no admission of liability by either party,

Therefore, in consideration of the mutual releases, representations, and covenants contained herein, the Parties agree as follows:

1.     **PAYMENT.**

Together with the execution of this Agreement, Steer Machine will deliver the gross sum of **Forty-Five Thousand Dollars and Zero Cents ($45,000.00)** (the "Payment") which shall be in full and final settlement of all claims against the Steer Machine and the Released Parties (as defined hereafter), specifically including insurers, reinsurers and attorneys in any capacity.  Steer Machine will make the Payment in the form of one check payable to:

Ryder Lu Mazzeo & Konieczny LLC Trust (IOLTA) Account for the benefit of SS Niles Bottle  Stoppers LLC.

Steer Machine, through its agents, shall deliver the Payment to SS Niles' agents within 30 days of Steer Machine's receipt of a fully executed original of this Confidential Settlement Agreement and Mutual Release (the "Agreement").

SS Niles represents that the Payment is made in resolution of disputed legal claims and that, at SS Niles' request, Steer Machine will not withhold any amount from the Payment for taxes or other regular deductions.  It is understood and agreed that SS Niles shall be solely, individually and completely responsible for payment of all local, state and federal taxes owed, if any, as a result of any payments made pursuant to this Agreement.

2.     **RELEASE.**

The releases in this Agreement include an express, informed, knowing and voluntary waiver and relinquishment to the fullest extent permitted by law.  With the exception of the obligations described in this Agreement, each Party hereby releases, acquits and forever discharges every other Party, as well as each Party's agents, attorneys, officers, directors, insurers, employees, successors by interest or merger, corporate parents, predecessors, affiliates, representatives, assigns, executors, and/or administrators, in both official and individual capacities, from any and all claims, demands, liabilities, actions and suit of whatever kind, whether known or unknown, including but not limited

to claims for federal, state or common law violations of patent infringement, copyright infringement, trademark infringement, trademark dilution, cyberpiracy, unfair competition, commercial disparagement, unjust enrichment, tortious interference with prospective economic advantage, breach of contract, and fraud, that are arising from, relating to or pertaining in any way to claims stated in the suit captioned SS NILES BOTTLE STOPPERS, LLC V. STEER MACHINE TOOL & DIE CORP., filed in the United States District Court for the Middle District of Pennsylvania, Case No. 3:16-cv-320 (the "Lawsuit") or otherwise related to their direct and indirect business relationship through the date of this Release. The foregoing release includes, without limitation, claims which any Party now has asserted or could have asserted, within the Lawsuit.

The Parties expressly acknowledges that this Agreement may be pled as a complete defense and will fully and finally bar any and all claims, known or unknown, based on any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement.

When used in this Agreement, the word "Released Parties" means SS Niles, Steer Machine and any and all of its past and present divisions, subsidiaries, parents, affiliates, joint ventures and other related entities, and each of their past and present directors, officers, managers, partners, owners, shareholders, members, attorneys, insurers, reinsurers, benefit plan fiduciaries, supervisors, employees, representatives, administrators, agents, contractors and consultants and each of their predecessors, successors, heirs, executors, and assigns, both current and former. The parties expressly understand and agree that, when used in this Agreement, the word "Released Parties" shall also include Ruth Niles, Steven Seeuwen, Eric Seeuwen, Dan Seeuwen and each of their predecessors, successors, heirs, executors, and assigns, both current and former, as well as all parents, grandparents, children, grandchildren, siblings, in-laws, and other relatives through blood or marriage of any of the Released Parties.

## 3.   TRADEMARK.

Steer Machine will terminate and will not hereafter use or register or attempt to register or maintain or control the registration of the mark SS NILES, or any part of such mark, or any similar marks, or any form of SS NILES, standing alone or as a component of, its business name, trade name, trademark, service mark, domain name, email address, keyword, search engine term, metatag, or any other format, anywhere in the United States, for any purpose, including, but not limited to, LinkedIn, Twitter, Facebook, Pinterest, Google Plus, and any business or personal website.

Notwithstanding the provisions of this paragraph 3, Steer Machine may continue using the SS BOTTLE STOPPERS mark, but not the SS NILES mark, for a period of 60 days after the effective date of this Agreement for the sole purpose of transitioning its customers away from its use of the mark. By the end of this 60-day period, Steer Machine will withdraw and/or cancel its Pennsylvania Department of State fictitious name application/registration for "SS Bottle Stoppers" and any other fictitious name applications or registrations it has that contain "SS" or "NILES". After this 60-day period, Steer Machine will discontinue all use of the SS BOTTLE STOPPERS mark in any manner whatsoever. Steer Machine may continue using the domain name <ssbottlestoppers.com> for a period of 60 days after the effective date of this Agreement for the sole purpose of transitioning its customers to its new website. After this 60-day period, Steer will

maintain ownership of the <ssbottlestoppers.com> domain, but all Parties will discontinue the use of the <ssbottlestoppers.com> domain name in any manner whatsoever. Steer may not transfer the <ssbottlestoppers.com> domain name to any other person or entity.

Notwithstanding the provisions of this paragraph 3, Steer Machine may use the designation "SS" or "ss" (collectively "SS/ss") in its printed materials and invoices only for the sole purpose of abbreviating "stainless steel." When used on said printed materials and invoices, Steer Machine agrees to the following:

1) SS/ss also cannot be used immediately preceding or immediately after the words "bottle stoppers" or similar variations of "bottle stoppers." Notwithstanding the preceding sentence, Steer Machine is permitted to use the following designation "304SS Bottlestoppers" to identify its products, wherein the number 304 is only an example and other numbers can be used. The Parties agree that Steer will always use the designation 304SS Bottlestoppers and SS Niles will always use the designation SS304 Bottlestoppers to designate their bottlestopper products, wherein the number 304 is only an example and other numbers can be used.

2) When it uses SS/ss, the font size of SS/ss shall not be any larger than the font size of the surrounding words, nor can SS/ss be highlighted or in any way made more prominent than the words around SS/ss.

Notwithstanding the immediately preceding paragraph and consistent with the rest of this paragraph 3, Steer Machine cannot use SS/ss as a trademark or service mark. Steer Machine cannot use SS/ss in any domain name, email address, key word term, search engine term, metatag, or in LinkedIn, Twitter, Facebook, Pinterest, Google Plus or any other Internet advertising

4.      **DOMAIN NAMES**.

SS Niles represents and warrants that it owns and controls the domain names <steerbottlestoppers.com>, <steerstainlessstoppers.com>, and <steermachinestoppers.com> (together the "Steer Domain Names") and that these are the only domain names under Niles' control that contain the word "STEER" or any variation thereof.

Steer Machine represents and warrants that it owns and controls the domain name <ssbottlestoppers.com> and that it is the only domain name under Steer's control that contains the terms SS or NILES or similar terms.

No later than ten (10) days after the effective date of this Agreement, SS Niles will effectuate an "account change" through GoDaddy.com or any other required entity whereby it will transfer ownership of its registrations in the Steer Domain Names to Steer Machine. The Parties agree to cooperate with each other in good faith to accomplish the transfer, including by timely confirming the transfer to the applicable registrars and exchanging the necessary account information and documents. Until the transfer is completed, SS Niles will not allow any of its registrations for the Steer Domain Names to expire, and will re-register them if they would otherwise expire.

As stated in paragraph 3 above, Steer Machine may continue using the domain name <ssbottlestoppers.com> for a period of 60 days after the effective date of this Agreement.

5.    **PATENTS**.

The Parties covenant, represent, and warrant that neither will contest, nor assist in any contest in any forum, including Federal Courts, as to whether Patents D575, 639 and D758,853 (the "Bottle Stopper Patents") are valid and enforceable. Subject to the terms and conditions of the Assignment Agreement attached hereto as "Exhibit A", which is hereby incorporated by reference, Steven Seeuwen and Eric Seeuwen grant SS Niles a royalty-free, non-exclusive, non-transferable, irrevocable, fully-paid license under the Bottle Stoppers Patents to make, sell, use and offer for sale such licensed bottle stoppers ("Patent License"); provided however that the Parties intend that the license granted herein extends only to SS Niles so long as it is owned and operated by Ruth Niles.

The Patent License shall remain binding on Steer Machine, Steven Seeuwen, Eric Seeuwen and their successors, assignees, heirs, administrators, executors, and legal representatives, unless terminated for reasons set forth herein.  SS Niles shall only exercise its rights under the Bottle Stopper Patents to manufacture, have manufactured solely for its, use, sell or import bottle stoppers. SS Niles may not grant any sub-licenses under this Agreement. SS Niles may not assign its rights under this Agreement and any attempt to assign will be void.  Upon dissolution of SS Niles, merger, sale of assets, stock, or any other substantial change in business operations by the company whereby Ruth Niles is no longer the owner of SS Niles, said license will automatically terminate and be of no tangible or intangible value.

Nothing in this Agreement shall affect Steven Seeuwen and Eric Seeuwen's ownership or control of the Bottle Stopper Patents or the right to operate and carry on its business under the Bottle Stopper Patents. Except for the non-exclusive license set forth in this Agreement, all other rights are reserved to Steven Seeuwen and Eric Seeuwen.

For this paragraph 5 only, Ruth Niles, Steven Seeuwen and Eric Seeuwen, for the consideration provided, agree to be legally bound in their individual capacities to perform the duties stated in this paragraph.

6.    **INVENTORY AND RETURNS**.

The Parties agree that SS Niles will retain any remaining inventory now in its existing inventory and Steer Machine will waive SS Niles' outstanding balance of $1,520.63. SS Niles shall assume full risk and responsibility for the nature and quality of the products it provides and for refunds, returns and for any other ancillary services SS Niles provides to its customers.

7.    **PRODUCT NUMBERS.**

The Parties agree that Steer Machine can, and intends to continue to use its product numbers without challenge by SS Niles

8.    **MUTUAL NON-DISPARAGEMENT AND CONFIDENTIALITY.**

Each Party understands and agrees that it will not in any way act or seek in the present or

future to disparage the other Party or any of the Released Parties, regarding their products, Patents, prior business relations, past conduct during their affiliation with each other, or the matters described within the Lawsuit.

Each Party agrees to refrain from publishing statements that are intended to, or that are reasonably likely to, disparage, impugn, or injure the reputation of the other Party or any of the Released Parties. This shall include, but is not limited to, any and all publications or postings on social media (i.e. Facebook, Instagram, LinkedIn, etc). Further, each Party shall not knowingly encourage any other person to make any public or private statements, whether written or oral, that disparages, defames, is derogatory or mispresents the other Party. In addition, both Parties agree to remove any existing published references to the other Party, either specifically or by reasonable inference.

The Parties agree to keep all information concerning the Lawsuit, including but not limited to any term of this Agreement confidential, and not to disclose such information to any other person, except as required by law or legal process, or for the purpose of obtaining legal or financial advice from a professional who is bound to keep the information confidential, such as an attorney or an accountant. In the event that either Party concludes that it is compelled by law or legal process to disclose any such information or portion thereof, such Party shall give written notice of the same to the other Party, at least ten (10) business days before disclosing the information, to the extent possible.

The only information that either Party may publicly communicate about the Lawsuit without violating the terms of this paragraph is that the Parties have amicably resolved their differences and dismissed the Lawsuit, or substantially equivalent statements. No such statements should state, imply or suggest that either party was at fault or admitted liability.

9.     **BREACH OF NON-DISPARAGEMENT, CONFIDENTIALITY AND RELATED CLAIMS -- LIQUIDATED DAMAGES.**

The Parties acknowledge and agree that the time and expenses involved in proving in any forum the actual damage or loss suffered by the other Party make this case appropriate for liquidated damages. Accordingly, instead of requiring any proof of damages or losses, the Parties agree that, as liquidated damages for any single incident of breach of paragraphs 3, 4, 5 or 8 (but not as a penalty), the breaching Party shall pay the other Party the sum of Nine Thousand Dollars and Zero Cents ($9,000.00). This $9,000.00 shall be payable after a finding that the breaching Party has breached paragraphs 3, 4, 5 or 8 of this Agreement. For purposes of this paragraph "finding" means that result of any un-appealed or un-appealable decision. Neither the breach of said paragraphs 3, 4, 5 or 8 nor the payment of liquidated damages shall affect the continuing validity or enforceability of this Agreement. The prevailing party shall recover its attorneys' fees incurred in connection with any claim based upon a breach of paragraphs 3, 4, 5 or 8 of this Agreement.

10.     **NO ADMISSION OF LIABILITY.**

The Consideration and other provisions in this Agreement are made as a compromise of

disputed claims. By entering into this Agreement neither Party has "prevailed' as to any of the claims contained within the Lawsuit. Neither the Consideration nor this Agreement is an admission of liability by any Party, and Steer Machine denies that its former domain name in any way infringed upon any interest owned or controlled by SS Niles. The purpose of this Agreement is to end all claims between the Parties within the Lawsuit.

### 11.    BINDING ON SUCCESSORS.

This Agreement shall be binding upon the Parties hereto and their respective shareholders, officers, directors, employees, successors, assigns, heirs, administrators, executors, and legal representatives.

### 12.    EXCLUSIVE JURISDICTION AND GOVERNING LAW.

The Parties consent and agree that Judge James M. Munley and Magistrate Judge Karoline Mehalchick, United States Judges for the Middle District of Pennsylvania, to the extent they are available in their present capacities, shall have sole and exclusive jurisdiction over any lawsuit, claim or dispute which arises out of, relates to, or pertains in any way to the Lawsuit or the enforcement of this Agreement. Both parties agree and explicitly waive their ability to hear any dispute arising out of this Agreement or the Lawsuit in any other forum or jurisdiction.

This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania and both Parties intend to be legally bound.

### 13.    ENTIRE AGREEMENT.

This agreement is the entire agreement between the Parties and supersedes any prior agreements or understandings between the Parties, whether written or verbal, and may only be modified by a writing signed by the Parties.

### 14.    SEVERABILITY.

In the event any term of this Agreement is found by the Court to be void or otherwise unenforceable, the remainders of this Agreement shall remain valid and enforceable as though such term were absent upon the date of its execution.

### 15.    NOTICE.

Notices under this Agreement shall be in writing and sent via U.S. Express mail or private express courier services (with receipt confirmed and will be effective upon receipt at the address stated below (unless the Parties are notified in writing of a change in address, in which case notice will be sent to the new address) and by email to the following addresses:

If to SS Niles:
Ms. Ruth Niles
SS Niles Bottle Stoppers, LLC

49 Leeds Rd.
Newville, PA 17241
ruth@nilesbottlestoppers.com

With copy to:
Frank A. Mazzeo, Esq.
Ryder, Lu, Mazzeo & Konieczny, LLC
Suite 200
808 Bethlehem Pike
Colmar, PA 18915
fmazzeo@ryderlu.com

<u>If to Steer Machine:</u>
Mr. Steven Seeuwen
Steer Machine Tool & Die Corp.
76 Kernwood Dr
Honesdale, PA 18431
sales@steermachine.com

With copy to:
Margolis Edelstein
Attn: Michael R. Miller, Esq.
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106
mmiller@margolisedelstein.com

## 16.    EXECUTION.

This Agreement may be executed in counterparts.  Copies of the Agreement transmitted by facsimile or in PDF format shall be as binding as an original copy.

## 17.    UNDERSTANDING AND ACCEPTANCE OF AGREEMENT.

Each Party has had the opportunity to selects its own attorney to represent it in the Lawsuit and review this Agreement.  Each Party acknowledges it has relied upon the legal advice of its own attorneys, who are the attorneys of the Party's choice and it is their obligation to pay their attorneys. The terms of this Agreement has been completely read by each Party and explained to each Party by that Party's attorneys.  Those terms are fully understood and voluntarily accepted.  This Agreement shall be interpreted as if mutually drafted by counsel for all Parties.

WHEREFORE, the Parties, by their duly authorized representatives, have executed this

Agreement.

SS NILES BOTTLE STOPPERS, LLC

By: _____
Date:

STEER MACHINE TOOL & DIE CORP.

By: _____
Date:

     For paragraph 5, Patents, only, Ruth Niles, Steven Seeuwen and Eric Seeuwen, for the consideration provided, agree to be legally bound in their individual capacities to perform the duties stated in paragraph 5.

_____                    _____
Ruth Niles, Individual                                          Steven Seeuwen, Individual

 

                                               _____
                                               Eric Seeuwen, Individual

EXHIBIT A

ASSIGNMENT OF INVENTION

WHEREAS, I, Ruth Niles, residing at 49 Leeds Road, Newville PA 17241, have, along with Steven Seeuwen and Eric Seeuwen, made certain new and useful design inventions, which are the subject of U.S. Design Patent Nos. D575,639 and D758,853, hereinafter collectively referred to as "Subject Patents";

WHEREAS, Ruth Niles is the owner of an undivided one-third (1/3) interest in the Subject Patents;

WHEREAS, Ruth Niles, in connection with the settlement of civil action Case No. 3:16-cv-320, SS Niles Bottle Stoppers, LLC v. Steer Machine Tool & Die Corp, in the United States District Court for the Middle District of Pennsylvania (the "Lawsuit"), has agreed to assign her undivided one-third interest in the Subject Patents equally to Steven Seeuwen and Eric Seeuwen in return for a license under the Subject Patents to be set forth in a Settlement Agreement executed on even date herewith.

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual promises herein made and exchanged, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged Ruth Niles agrees as follows:

Ruth Niles, by these presents does agree to assign and transfer and does hereby assign and transfer to Steven Seeuwen and Eric Seeuwen, equally, her undivided one-third interest in the Subject Patents, and any reissues, reexaminations, renewals or extensions thereof, including the right to recover for acts of past infringement by others.

Ruth Niles, warrants and represents that she has the right to make the assignment and transfer set forth in this Agreement and that she has not previously granted any rights whatsoever to the Subject Patents, or to either of them, to any other party or entity.

TO BE HELD AND ENJOYED by Steven Seeuwen and Eric Seeuwen, their, legal representatives and assigns to the full ends of the terms for which the Subject Patents, or any of them, have been or will have been granted and I hereby agree for myself, my heirs, executors and administrators, to execute without further consideration, any further legal documents and any further assignments and any releases, reissues, reexaminations, renewals, extensions or other applications for Letters Patent that may be deemed necessary either by Steven Seeuwen or Eric Seeuwen, fully to secure to Steven Seeuwen and Eric Seeuwen their interest as aforesaid in and to the Subject Patents or any part thereof.

IN WITNESS WHEREOF, having read the aforesaid Assignment and intending to be legally bound thereby, I, Ruth Niles, hereunto affix my hand and seal on this        day of            ,2016.

_____

Name: Ruth Niles

Address: 49 Leeds Road

Newville PA 17241

Commonwealth of Pennsylvania        :            SS

County of _____        :

Before me personally appeared said Ruth Niles and acknowledged the foregoing instrument to be her free act and deed this        day of        September 2016.

_____

NOTARY PUBLIC

My commission expires:

IN WITNESS WHEREOF, having read the aforesaid Assignment and intending to be legally bound thereby, I, Steven Seeuwen, hereunto affix my hand and seal on this ____ day of _____ ,2016.

_____

Name: Steven Seeuwen

Address: 111 Oak Ridge Drive

Hawley PA 18428

Commonwealth of Pennsylvania      :        SS

County of _____       :

Before me personally appeared said Steven Seeuwen and acknowledged the foregoing instrument to be his free act and deed this ____ day of ____ September 2016.

_____

NOTARY PUBLIC

My commission expires:

IN WITNESS WHEREOF, having read the aforesaid Assignment and intending to be legally bound thereby, I, Eric Seeuwen, hereunto affix my hand and seal on this         day of             ,2016.

_____

Name: Eric Seeuwen

Address: 308 Kemwood Drive

Honesdale PA 18431

Commonwealth of Pennsylvania       :          SS

County of _____       :

Before me personally appeared said Eric Seeuwen and acknowledged the foregoing instrument to be his free act and deed this      day of       September 2016.

_____

NOTARY PUBLIC

My commission expires:

Agreement.

SS NILES BOTTLE STOPPERS, LLC

By: _Ruth Niles_____
Date: _October 3, 2016_

STEER MACHINE TOOL & DIE CORP.

By: _____
Date:

    For paragraph 5, Patents, only, Ruth Niles, Steven Seeuwen and Eric Seeuwen, for the consideration provided, agree to be legally bound in their individual capacities to perform the duties stated in paragraph 5.

_Ruth Niles_____               _____
Ruth Niles, Individual                     Steven Seeuwen, Individual


                                           _____
                                           Eric Seeuwen, Individual

shall be interpreted as if mutually drafted by counsel for all Parties.

WHEREFORE, the Parties, by their duly authorized representatives, have executed this Agreement.

SS NILES BOTTLE STOPPERS, LLC

By: _____
Date:

STEER MACHINE TOOL & DIE CORP.

By: _____
Date:

For paragraph 5, Patents, only, Ruth Niles, Steven Seeuwen and Eric Seeuwen, for the consideration provided, agree to be legally bound in their individual capacities to perform the duties stated in paragraph 5.

_____
Ruth Niles, Individual

_____
Steven Seeuwen, Individual

_____
Eric Seeuwen, Individual