UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEER MACHINE TOOL & DIE CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO. 3:18-cv-00204 |
| v. | (SAPORITO, C.M.J.) |
| SS NILES BOTTLE STOPPERS, LLC, et al., | |
| Defendants. | |
| STEER MACHINE TOOL & DIE CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO. 3:20-cv-01234 |
| v. | (SAPORITO, C.M.J.) |
| SS NILES BOTTLE STOPPERS, LLC, et al., | |
| Defendants. | |

# MEMORANDUM

This is a pair of companion cases, representing the latest chapter in a long-running business dispute involving the same parties. *See generally Steer Mach. Tool & Die Corp. v. SS Niles Bottle Stoppers, LLC*, 331 F. Supp. 3d 429, 430–32 (M.D. Pa. 2018), Doc. 17. In the first case, No. 18-cv-00204, the plaintiff, Steer Machine Tool & Die Corp. ("Steer"),

asserted various trademark infringement, unfair competition, and breach of contract claims against the original defendants, SS Niles Bottle Stoppers, LLC, and its principal owner, Ruth Niles (collectively, "SS Niles"). In the second case, No. 20-cv-01234, Steer asserted patent infringement claims against SS Niles.

The two cases were consolidated for settlement discussions, which resulted in a June 2021 settlement agreement resolving the claims asserted in both actions.[1] The settlement agreement prohibited SS Niles from continuing to sell or offer to sell certain stainless steel bottle stopper designs that were patented and trademarked by Steer.[2] An addendum to the settlement agreement provided a limited exception to this prohibition, permitting SS Niles to continue to display pictures of two specified bottle stopper designs in the "gallery pages" of their website—

---

[1] The settlement agreement was executed by the parties on June 23, 2021. The parties filed a joint motion to approve the settlement agreement in the patent case, No. 20-cv-01234, on June 25, 2021. The clerk docketed a copy of the same motion in the trademark case, No. 18-cv-00204, on June 28, 2021. We entered an order approving the settlement agreement and retaining jurisdiction for enforcement purposes on June 28, 2021.

[2] In their previous business relationship, SS Niles had made, sold, and used these bottle stopper designs under an intellectual property license from Steer.

the "301" and "701" bottle stoppers—provided the pictures included a disclaimer stating: "The original stoppers with three o-rings are no longer available."

In April 2022, the original defendants, SS Niles, sold the assets of their business to Carl and Robin Jacobson, who thereafter did business as "Niles Bottle Stoppers" as well.[3] In June 2022, an employee of Steer found pictures of the 301 and 701 bottle stoppers on Pinterest, a social media website.[4] In July 2022, counsel for Steer sent a cease-and-desist email message to the Jacobsons and to counsel for SS Niles, demanding that the pictures be taken down.

On September 16, 2022, the plaintiff filed substantively identical motions to enforce the settlement agreement in both actions. The parties briefed the motions, and we held an evidentiary hearing on the motion

---

[3] It is our understanding that the Jacobsons operated their business as a general partnership under this same trade name.

[4] *See generally Pinterest, Inc. v. Pintrips, Inc.*, 140 F. Supp. 3d 997, 1012 (N.D. Cal. 2015) ("Pinterest is a social media website where users can share photos, articles, and other information about their interests on personalized web-based Pinboards which are, by default, viewable by all of Pinterest's 80 million monthly users.").

on August 10, 2023.[5] The matter is now ripe for disposition.[6]

## I. DISCUSSION

The basis of the plaintiff's motions to enforce against SS Niles is a Pinterest account that included pictures of Steer's 301 and 701 bottle stopper designs, which was located by a Steer employee, Daniel Seeuwen, in June 2022, about a year after the parties executed a settlement agreement to resolve these cases. The Pinterest page was labeled as belonging to "SS Niles Bottle Stoppers" and included a link to a website previously maintained by SS Niles.[7] The timestamps affixed to the 301

---

[5] Although the parties have submitted proposed findings of fact and conclusions of law, the court is not required to state findings or conclusions when ruling on a motion. *See* Fed. R. Civ. P. 52(a)(3). In light of the entirely undisputed nature of the facts adduced by the parties at the hearing, we find disposition of the motions without separate findings and conclusions to be appropriate in this case.

[6] Initially, the plaintiff sought to join the Jacobsons as additional party-defendants in this action. The issue of their participation was resolved by a stipulation of the parties on March 6, 2023, in which the Jacobsons and the parties agreed that the Jacobsons were bound by the terms of the settlement agreement as successors by transfer of the assets of SS Niles, such that formal joinder and additional service of process was unnecessary. On April 24, 2023, however, the plaintiff withdrew its enforcement claims as against the Jacobsons, with prejudice, leaving its claims against the original defendants only.

[7] The website address, nilesbottlestoppers.com, appears to have been among the assets conveyed in the April 2022 asset sale. It is currently maintained by the Jacobsons, doing business as Niles Bottle Stoppers.

and 701 bottle stopper pictures and all other posts on the account indicated that they were posted several years earlier.[8]

The plaintiff, Steer, contends that the unauthorized display of these pictures on the internet constitutes an infringement of its patent and trademark rights with respect to the 301 and 701 bottle stopper designs, and that this infringement, in turn, constitutes a breach of the terms of the settlement agreement with the defendants, entitling Steer to injunctive relief and an award of liquidated damages against SS Niles.[9]

At the evidentiary hearing, Steer employee Daniel Seeuwen testified about the Pinterest page and how he found it, and he provided background information about Steer's business, the intellectual property at issue, and the prior litigation between Steer and SS Niles, including the terms of the settlement agreement. Steer co-owner Steven Seeuwen testified that his son, Daniel, brought the Pinterest account to his attention in late June 2022, and that Steer did not maintain a Pinterest

---

[8] An undated printout of select pages of the Pinterest account was submitted as an exhibit at the evidentiary hearing. The printout indicated that all pictures were posted about six years earlier.

[9] The settlement agreement provided for an award of $15,000 in liquidated damages for breaches of certain, specified provisions of the settlement agreement.

account of its own. He testified that the Pinterest page remained active in August 2022, just prior to bringing the instant motions to enforce. Both Daniel and Steven Seeuween admitted on cross-examination that they did not know if Ruth Niles created or controlled the Pinterest account at issue.

SS Niles contends that, until it was notified by Steer in July 2022, it was not aware of the ongoing existence of the Pinterest account or the pictures posted there. Ms. Niles, the retired 82-year-old owner of the defunct SS Niles Bottle Stopper, LLC, testified at the evidentiary hearing that, when it was brought to her attention in July 2022, she did not recognize the Pinterest page, nor had she created it or derived any sales from it. Niles testified that she recalled meeting a college student at a library several years earlier, and they discussed setting up a Pinterest page for the SS Niles business. But the student later backed out, explaining that she did not feel comfortable creating or managing the Pinterest account for SS Niles. Ms. Niles did not know that the student had already created the nascent Pinterest page and posted a handful of pictures there. Ms. Niles and her business were never provided with a password or other login information for the Pinterest account. After

learning of the account's ongoing existence, Niles testified that she contacted Pinterest technical support in August 2022 to obtain control of and take down the Pinterest page, but she was informed that her email account did not correspond with the contact information associated with the Pinterest account. After the motions to enforce were filed, Ms. Niles again contacted Pinterest technical support to inform them about this litigation development, and, only after she provided them with a copy of the motion papers, Pinterest technical support finally deactivated the Pinterest account on September 30, 2022, after which time the allegedly infringing images of the Steer 301 and 701 bottle stoppers were no longer visible to the public on Pinterest.

Based on the demeanor of the witnesses and the consistency of their testimony with the record as a whole, we find all three witnesses for both sides—Daniel Seeuwen, Steven Seeuwen, and Ruth Niles—to be fully credible. In particular, we note that none of the testimony contradicted that given by any other witness. The facts underlying the instant motions are entirely undisputed.

In addition to the testimony of these three witnesses, the following

documentary exhibits were offered and accepted into evidence:[10]

- Exhibit 1 (Tab A): Settlement Agreement and all exhibits executed as of June 25, 2021.[11]

- Exhibit 2 (Tab B): Addendum to Settlement Agreement.[12]

- Exhibit 3 (Tab C):Order of Court on Agreement and Addendum.[13]

- Exhibit 4 (Tab D): First Motion to Enforce with exhibits.[14]

- Exhibit 5 (Tab E): Stipulated Motion for Resolution of First Motion to Enforce.[15]

- Exhibit 6 (Tab F): Order Granting Motion for Resolution.[16]

- Exhibit 7 (Tab G): Present Motion to Enforce.[17]

- Exhibit 8 (Tab H): Ruth Niles and SS Niles Bottle Stoppers LLC's Response to Present Motion to Enforce.[18]

- Exhibit 9 (Tab I): Ruth Niles and SS Niles Bottle Stoppers LLC's Brief in Opposition to Present Motion to Enforce.[19]

- Exhibit 10 (Tab J): Undated printouts of Pinterest pages

---

[10] Copies of all twenty exhibits were submitted in a tabbed binder.
[11] Case No. 18-cv-00204, Doc. 93-3; Case No. 20-cv-01234, Doc. 22-1, 24-1.
[12] Case No. 18-cv-00204, Doc. 93-4; Case No. 20-cv-01234, Doc. 22-2, 24-2.
[13] Case No. 18-cv-00204, Doc. 89; Case No. 20-cv-01234, Doc. 23.
[14] Case No. 18-cv-00204, Doc. 93; Case No. 20-cv-01234, Doc. 24.
[15] Case No. 18-cv-00204, Doc. 108; Case No. 20-cv-01234, Doc. 44.
[16] Case No. 18-cv-00204, Doc. 109; Case No. 20-cv-01234, Doc. 45.
[17] Case No. 18-cv-00204, Doc. 111; Case No. 20-cv-01234, Doc. 47.
[18] Case No. 18-cv-00204, Doc. 118; Case No. 20-cv-01234, Doc. 54.
[19] Case No. 18-cv-00204, Doc. 119; Case No. 20-cv-01234, Doc. 55.

containing pictures of 301 and 701 bottle stoppers, found on Pinterest account "www.pinterest.com/nilesstoppers" posted under the name "SS Niles Bottle Stoppers."

- Exhibit 11 (Tab K): E-mail from Brigid E. Carey, plaintiff's counsel, to Laura M. Turlip, defendants' counsel, and to the Jacobsons (July 1, 2022, 10:26 AM EDT).

- Exhibit 12 (Tab L): E-mail from Laura M. Turlip to Brigid E. Carey and the Jacobsons (July 5, 2022, 1:11 pm).

- Exhibit 13 (Tab M): E-mail from Brigid E. Carey to Laura M. Turlip (July 7, 2022, 9:26 AM EDT).

- Exhibit 14 (Tab N): E-mail from Ruth Niles to Brigid E. Carey, Carl Jacobson, and Laura M. Turlip (July 7, 2022, 12:55 pm).

- Exhibit 15 (Tab O): E-mail from Brigid E. Carey to Ruth Niles, Carl Jacobson, and Laura M. Turlip (July 7, 2022, 1:03 PM EDT).

- Exhibit 16 (Tab P): E-mail from Brigid E. Carey to Laura M. Turlip (July 18, 2022, 7:07 AM EDT).

- Exhibit 17 (Tab Q): E-mail from Laura Turlip to Brigid E. Carey with a copy to Ruth Niles (July 18, 2022 12:32 pm).

- Exhibit 18 (Tab R): Certified Subsistence Certificate for SS Niles Bottle Stoppers, LLC (Apr. 24, 2023).

- Exhibit 19 (Tab S): Certified Subsistence Certificate for SS Niles Bottle Stoppers, LLC (Aug. 2, 2023).

- Exhibit 20 (Tab T): E-mail from Ruth Niles to Laura M. Turlip (Apr. 21, 11:44 AM), forwarding e-mail from Pinterest Support to Ruth Niles (Sept. 30, 2022, 12:49 PM).

As noted above, the Pinterest account at issue was deactivated on September 30, 2022. Any request for injunctive relief is therefore moot.

What remains then is a claim for liquidated damages under the terms of the settlement agreement.

As an alternative to proving actual damages, the Settlement Agreement provides for an award of liquidated damages of $15,000 for any single incident of breach of certain designated paragraphs of the agreement. Settlement Agreement ¶ 11.[20] These designated paragraphs for which liquidated damages were made available include a provision that "commencing on May 15, 2021, SS Niles and Ruth Niles may no longer market, offer, advertise, manufacture, have manufactured, give, release, use, utilize, display, or sell any of the bottle stoppers employing [the 301 or 701 bottle stopper designs]." Settlement Agreement ¶ 4. The plaintiff contends that the presence of these pictures of the 301 and 701 bottle stoppers on a Pinterest page bearing the name of SS Niles constituted such a breach, justifying an award of $15,000 in liquidated damages against the defendants.

It is undisputed, however, that neither Ruth Niles nor SS Niles was aware that the Pinterest page existed until it was brought to their

---

[20] Exhibit 1; *see also* Case No. 18-cv-00204, Doc. 93-3; Case No. 20-cv-01234, Doc. 22-1, 24-1.

attention by the plaintiff in July 2022. It is further undisputed that neither Ruth Niles nor SS Niles controlled or had password access to modify the Pinterest page, nor did they ever derive any sales from the Pinterest page. Based on the testimony of Ms. Niles, the Pinterest account was opened and the page was partially set up by a college student years before the Settlement Agreement, and then abandoned by that student. At the time of the Settlement Agreement, neither Ruth Niles nor SS Niles knew that the Pinterest account was active or that the pictures were posted there. Based on the facts adduced by the parties at the evidentiary hearing, it is clear that neither Ruth Niles nor SS Niles took any action to "market, offer, advertise, manufacture, have manufactured, give, release, use, utilize, display, or sell" the 301 or 701 bottle stoppers after May 15, 2021, and the passive presence of these two pictures on a Pinterest account created and abandoned by a third-party years earlier cannot be attributed to the defendants.

The only conduct connecting the defendants to the Pinterest account was a discussion between Ms. Niles and the college student who established and started to set up the account some number of years before the parties executed the Settlement Agreement in June 2021. To the

extent that the creation of the Pinterest account and the initial posting of these pictures can be attributed to SS Niles by means of that pre-agreement encounter between Ms. Niles and the college student, that conduct falls within the scope of another provision of the Settlement Agreement—a broad release of the parties and their agents from "any and all claims, . . . whether known or unknown, including but not limited to claims for patent infringement, . . . trademark infringement, inducement of infringement, . . . [or] breach of contract, . . . that prior to the effective date of this . . . Settlement Agreement have arisen . . . ." Settlement Agreement ¶ 3.

Thus, we find that, under the circumstances presented in the instant motions, the plaintiff's claim against the defendants for liquidated damages for breach of contract is barred by this express release of liability set forth in Paragraph 3 of the Settlement Agreement to the extent it is based upon the defendants' pre-agreement conduct, and it is without merit to the extent it is based upon the defendants' post-agreement conduct.

## II. CONCLUSION

For the foregoing reasons, the plaintiff's motions to enforce (Case

No. 18-cv-00204, Doc. 111; Case No. 20-cv-01234, Doc. 47) will be denied.

An appropriate order follows in each case.


Dated: May 6, 2024                    *s/Joseph F. Saporito, Jr.*
                                      JOSEPH F. SAPORITO, JR.
                                      Chief United States Magistrate Judge